IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Osha A. Johnson,<br><br>Plaintiff,<br><br>v.<br><br>S.C.D.C.; Bryan P. Stirling; Warden Duncan; Program Manager Ms. Blackwood; Warden Cannon; Major Gillyard; Major Hingles; Chapline Echol; Captain Kieth; Lt. Cleveland; Lt. Salis; and Officer Myers.,<br><br>Defendants. | C/A No. 5:25-cv-6260-JFA-KDW<br><br>**ORDER** |

## I. INTRODUCTION

Plaintiff Osha Johnson, ("Plaintiff") a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights including those rights afforded under the First and Fourteenth Amendments. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Thereafter, Defendants moved for summary judgment. (ECF No. 79). Plaintiff later filed a motion for a temporary restraining order ("TRO"). (ECF No. 102).

After reviewing these motions and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 118). Within the Report, the Magistrate Judge opines that Defendants' motion for summary judgment should be denied and Plaintiff's requests for a TRO should likewise be

denied. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report. (ECF No. 124). Defendants also filed objections (ECF No. 122) to which Plaintiff responded (ECF No. 125). Therefore, this matter is ripe for review.

## II. LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report

thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation. Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Additionally, all facts and inferences to be drawn therefrom are viewed in the light most favorable to the Plaintiff. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The requirement of a liberal construction does not mean, however, that the court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must

assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson,* 699 F.3d 789, 797 (4th Cir.2012).

**III. DISCUSSION**

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. (ECF No. 118). Relevant here, the Magistrate Judge determined genuine issues of material fact exist as to whether the administrative remedies were actually available to Plaintiff. Moreover, the Report recommended a denial of the TRO as Plaintiff has failed to satisfy the *Winter* factors.

In response, Plaintiff and Defendants lodged a number of objections. Each is addressed below.

Motion for Summary Judgment

Initially, Plaintiff's filings contain a litany of objections to the Report that are difficult to understand, and many appear to address the substantive merits of Plaintiff's claims. As noted in the Report, the sole issue in Defendants' motion for summary judgment is whether Plaintiff's claims should be dismissed for failure to fully exhaust his administrative remedies. The Report did not address the substance of Plaintiff's constitutional claims. Accordingly, a bulk of Plaintiff's objections are immaterial to the Report and point to no error in the Magistrate Judge's analysis. Moreover, the Report recommends the denial of Defendants' summary judgment motion and therefore Plaintiff's objections would not aid in helping him achieve the relief sought. Therefore, to the extent Plaintiff's filing can be considered proper objection to the Report's determination as to

Defendants' motion for summary judgment, they are overruled. Plaintiff's objections as to the TRO are discussed below.

For their part, Defendants object to the Report by urging the Court to consider supplemental grievance records that were not produced prior to the Report. Defendants note that they were previously ordered to produce certain kiosk records[1] which would evidence Plaintiff's efforts to exhaust the administrative remedies relevant to his claims in this action. Defendants aver that Plaintiff filed numerous letters and motions within a short period of time which reference numerous grievance requests. Accordingly, Defendants produced the records they felt were most relevant to the Magistrate Judge's inquiry. However, after the Report issued, Defendants realized that other more relevant records existed that had yet to be produced. Defendants attach these new records to their objections and urge the court to consider them as dispositive evidence that administrative remedies were readily available to Plaintiff and yet he failed to exhaust prior to asserting this lawsuit.

Upon reviewing the newly produced records, the Court still shares the same concerns expressed in the Report. The Report notes:

> At the same time, Plaintiff provides copies of several Step 1 Grievance Forms that tend to support his contention that he did attempt to follow the SCDC policy related to grieving the allegations contained in his pleadings. The documents themselves contain Plaintiff's handwritten note suggesting his formal requests went unanswered. The corresponding synopsis provided for this Step 1 Grievance Form provides as its disposition that it "exceeds timeframe." ECF No. 95-2 at 39. In other words, these documents tend to support Plaintiff's contention that he was unable to continue to exhaust based

[1] These records evidence Plaintiff's attempts to utilize the various levels of the grievance system which composes the administrative remedies Plaintiff must fully exhaust before asserting his claims with this court. These records are commonly referred to kiosk records as inmate submit their grievances via a kiosk within the prison.

> on the fact that he was "prevented" from filing a Step 1 Grievance Form in time. Defendants have not offered a rebuttal to Plaintiff's contentions or otherwise refute his claims that he was waiting on a response to his informal requests. Additionally, in response to Plaintiff's response to specific kiosk records, Defendants indicate production of the same, but the court is unable to reconcile whether the produced documents correspond to the requested documents, which Plaintiff contends are relevant to resolving this issue. For these reasons, the undersigned recommends denying summary judgment to Defendants on the sole issue of whether Plaintiff exhausted his administrative remedies.

(ECF No. 118, p. 14-15).

The new records produced by Defendants seem to reiterate this concern. Plaintiff notes in one grievance that "Im writing because on yesterday 3/14/2025 i received my copy of step one to BRCI-0119-25 back but there was no step two form in it are yall going to send me my step two so i can fill it out and turn back in?" (ECF No. 122-1, p. 6) (written as it appears in original). The response states that "Inmate Johnson, you exceeded the timeframe for filing an appeal to that decision, therefore you were only supplied with a copy of the Step 1 grievance." *Id.*

Plaintiff stated in later submission that:

> So what you are saying is that yall are creating a barrior in beteen me and the step two process because i received that grievance on (2-25-2025) via your mailing services which your office continue to elect to use despite the pandemic being over and every aspect of prison being back to normal opporations i filed it out the same day and put it back in the mail so if the grievance dont make it to me until the day before the date you put as a deadline and I filed out put it back in mail you telling me that you are barring me from step two because of yall mailing service this is in itself an effective barrior which renders the grievance system inaccessable to all who wish to access it and thus i have as a matter of law exhousted my administrative remadies as i have went as far as yall have allowed me and I cannot access that which yall will not let me do to no fault of my own as i did my part at the dates and times of availability so yeah either way whether you let me access the step two or not i can still file my law suit.

(ECF No. 122-1, p. 7)(written as it appears in original).

The response to this grievance notes that "[t]his appears to be a continued conversation that I cannot recall; however, if the matter involves Grievance staff proceeding with the grievance process according to deadlines established in GA-01.12 Inmate Grievance System, the decisions remain the same. Unfortunately, we cannot control the performance of non-grievance staff. Such complaints should be directed to the Warden in Security." *Id.*

Similar to the forms cited in the Report, these forms provide support for Plaintiff's contention that certain administrative processes were unavailable to him given the procedural barriers in timely receiving and submitting various grievance forms and their appeals. Whether Plaintiff will ultimately prevail on this issue is yet to be seen, however, the current record before the court shows a genuine issue of material fact sufficient to warrant the denial of summary judgment at this time.

Each of Defendants' objections rest on their assertions that these newly produced forms demonstrate Plaintiff failed to properly exhaust administrative remedies. Apart from this, Defendants' objections do not meaningfully address the Report or point to any error in the Magistrate Judge's analysis of their motion. As discussed above, the Court disagrees that the supplemental records conclusively show that Plaintiff failed to properly exhaust his administrative remedies. Accordingly, Defendant's objections must be overruled.

Temporary Restraining Order

Plaintiff's objections also take issue with the Report's determination that Plaintiff has failed to show he is entitled to a TRO. Here again, Plaintiff's verbose opposition is

difficult to decipher. In essence, Plaintiff avers that he has indeed met the *Winter* factors and should be granted a TRO. The court disagrees.

The Magistrate Judge determined that the first *Winter* factor did not weigh heavily for one side as Defendants' motion for summary judgment was recommended for denial. However, the other factors weigh against Plaintiff. After a *de novo* review of these factors, the court agrees that Plaintiff has failed to carry his burden.

First as to irreparable harm, Plaintiff's several year delay in asserting this motion evidences a lack of truly irreparable injury. As to the third *Winter* factor, the court agrees with the Report's determination that Plaintiff has failed to establish that the balance of equities tips in his favor. Plaintiff argues that he is being "locked away" related to a previous court filing. However, aside from providing similar allegations as found in his Amended Complaint, Plaintiff does not explain the need for this court's intervention into his placement in SCDC. Finally, Plaintiff has not carried the burden of establishing that an injunction is in the public interest. Plaintiff provides no argument as to how the relief he seeks has any bearing upon the public interest. Accordingly, Plaintiff's objections to the Report must be overruled and his request for a TRO denied.

## IV. CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which the parties specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 118). Accordingly, Defendant's motion for summary

judgment (ECF No. 79) is denied and Plaintiff's motion for a TRO (ECF No. 102) is denied. This matter is recommitted back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

August 18, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge